## Hampton v. Lewallen.

(Decided Jan. 14, 1936.)

R. S. ROSE and V. A. JORDAN and J. D. TUGGLE for appellant.
J. J. TYE and H. H. OWENS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Mrs. Grant Hampton owns a tract of land at Swan Pond in Knox county which was formerly improved by a two-story frame building, the lower floor of which was a storeroom and the second floor arranged for dwelling purposes. At the rear of the building, and connected with the storeroom, was an addition used for storage purposes. A short distance from this was another building used as a grist mill and blacksmith shop. For many years prior to November 16, 1933, when these buildings were destroyed by fire, M. P. Lewallen, as a tenant of Mrs. Hampton, conducted a mercantile business in the two storerooms.

Mrs. Hampton instituted this action against M. P. Lewallen seeking to recover damages in the sum of $1,200 for the destruction of the two buildings, alleging that the destruction was due to his negligence.

It is alleged in the petition in substance that the defendant stored, or caused to be stored, in the storage

and wareroom of the building, large quantities of gasoline in barrels without plaintiff's consent or knowledge and against her will, and negligently and carelessly dispensed gasoline, or caused it to be dispensed, by and through his agents, servants, and employees; that he negligently and carelessly placed a spigot in one of the barrels containing gasoline and placed same on a bench for the purpose of drawing gasoline therefrom. The particular acts of negligence which it is alleged resulted in the burning of the buildings as set forth in the petition are:

"Plaintiff says that on or about the 16th day of November, 1933, the defendant entered said building in the night time or he acting through and by his agents, servants and employees entered said building with his knowledge and consent with a lantern burning oil and carelessly and negligently undertook to dispense gasoline from said barrel by the use and means of said spigot by placing under the barrel and on the floor of said building an open bucket into which they so carelessly, and negligently permitted the gasoline to run and pour from said barrel and spigot into the bucket a distance of about two feet. Plaintiff says that while said dispensing was so carelessly and negligently being carried on by the defendant, his agents, servants and employees at a time when they carelessly and negligently permitted said lantern to remain burning that the fumes and gas from said gasoline were carelessly and negligently set fire to and ignited by the defendant from said lantern which spread to said building igniting it and which fire totally and wholly destroyed the entire building of the said two story building and was communicated to the other building described hereinabove and burned and destroyed both of said buildings the property of plaintiff."

The answer consisted of a general denial of the allegations of the petition, but affirmatively alleged that defendant rented the building from Ed. Hampton, son of plaintiff, who represented that the property belonged to him. The issues were completed by a reply denying the affirmative allegations of the answer. At the close of the evidence for plaintiff, the court sustained a motion for a peremptory instruction in favor of the de-

fendant, and, from a judgment in conformity with the directed verdict, plaintiff is appealing.

The evidence discloses that Hardin Lewallen, son of appellee, and Arthur Peace owned a truck with which they hauled staves under contract for some concern. According to the evidence, they had no interest in appellee's mercantile business nor were they employed by him in any capacity, and he had no interest in their trucking or in the business conducted by them. He did permit them to store drums of gasoline in the storage room back of the room where he conducted his mercantile business. This gasoline was used as fuel for the truck. There is no evidence to show that appellee had any interest whatever in the gasoline except that he guaranteed the payment of the bills to the Standard Oil Company, which furnished same. It appears that young Lewallen and Peace would purchase gasoline which would be charged to appellee. There is no evidence that appellee sold or dispensed the gasoline except one witness stated that at one time she saw appellee take some gasoline in a vessel and pour it into the tank of a car which had stopped in front of the store.

On the evening of November 16, 1933, young Lewallen and some of his employees stopped at the store to get some gasoline for the truck, but it was dark, and appellee had closed the store and gone to his home some distance away. Young Lewallen went to appellee's home, procured the key, and he and one of his employees went into the store and into the storage room with a lantern and proceeded to draw some gasoline, with the results indicated in the petition.

Briefs by counsel for the respective parties take a rather wide range, and many of the matters discussed might be pertinent if the pleadings and proof were different. We are not called upon to determine whether appellant had a cause of action, but only whether she sustained the cause stated in her petition. It was not negligence per se for appellee to store, or to permit gasoline to be stored, in proper containers on the premises. Appellee was not present on the occasion in question when the gasoline was being drawn, and there is an entire absence of any showing of the relation of master and servant or a kindred relation existing between him and his son or the latter's employees who were engaged in drawing the gasoline. It is therefore

obvious that the proof failed to sustain the cause of action alleged in the petition.

In the case of Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538, 542, the prevailing and applicable rule is thus tersely stated:

> "It is a fundamental rule of pleading that a fact necessary to be proven must be alleged in the pleading, and proof without pleading or pleading without proof will not sustain a cause of action."

See, also, Consolidation Coal Co. v. King, 196 Ky. 54, 244 S. W. 303; Cecil v. Cecil's Ex'rs, 185 Ky. 787, 215 S. W. 794. See, also, Gross v. Ball, 258 Ky. 730, 81 S. W. (2d) 409.

Since the cause of action alleged in the petition finds no support in evidence and the cause of action, if any, shown by the evidence is not alleged in the petition, the court properly sustained appellee's motion for a peremptory instruction.

Judgment affirmed.