## Morris v. Morris et al.

Jan. 23, 1945.

Williams & Allen for appellant.

A. H. Patton and Moss Noble for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Ned Morris instituted an action for divorce against Maggie Morris in the Breathitt Circuit Court in 1938. During the following July a judgment of divorce was entered in his favor. Counsel for Mrs. Morris was present when the depositions were taken for plaintiff, and he cross-examined his witnesses. During the pendency of the action Mrs. Morris filed several motions for rules against her husband and filed affidavits in support thereof. Shortly after the judgment was entered she filed a motion asking that the judgment be set aside "for the reason that said judgment of divorce is not warranted by the evidence nor supported by the pleadings herein."

That motion was never acted upon, and, apparently, was abandoned. On March 2, 1944, the following notice was served on Polly Centers Morris, the second wife of Ned: "Polly Centers Morris will take notice that the defendant, Maggie Morris, will on Thursday, the 9th day of March, 1944, at about the hour of 2 o'clock P. M., in the office of the Circuit Court Clerk of Breathitt County, Kentucky, enter a motion to re-docket the above styled case and to set aside the judgment entered thereon on the 17th day of July, 1939."

Polly Centers Morris filed the following special demurrer and plea: "Polly Centers Morris demurs specially to the notice herein given to her to re-docket the above styled case, because she was not a party to the action, or had any connection therewith.

"She further suggests to the Court without entering her appearance hereto, that Ned Morris departed this life on the 17th day of February, 1944."

A motion was filed pursuant to the foregoing notice, but the record does not contain a copy of it or any affidavits in support thereof. On the 10th day of May, the chancellor sustained the special demurrer and refused to re-docket the case and overruled the appellant's motion to set aside the divorce judgment of 1939; hence this appeal.

We gather from the appellant's brief that the attack upon the judgment of 1939 is based upon the ground that the petition filed by Ned Morris did not set forth, as required by Section 423 of the Civil Code of Practice, that he had been a resident of this state for more than a year before the commencement of the action. It was alleged, however, that the wife was a resident of Breathitt County. The proof shows clearly that Ned Morris was also a resident of that county. The appellant takes the position that the 1939 judgment was void for the foregoing reason. On the other hand, counsel for the appellee takes the position that, at most, the judgment was only erroneous, but he insists also that the method employed by the appellant in attacking that judgment is not the proper one.

Whether the 1939 judgment was void, or merely voidable, seems unnecessary for us to determine, because we are in accord with the view of counsel for the appellee that the question can not be raised in the man-

ner set forth in the record before us. Polly Centers Morris, the second wife of Ned, was never made a party to the original divorce action, and, as noted heretofore, there is nothing in the record before us showing the basis on which the appellant was seeking to have the former judgment set aside. Counsel for Mrs. Morris says he is following the procedure adopted in the case of Ramsey's Ex'r v. Ramsey, 233 Ky. 507, 26 S. W. 2d 37, where an attack was made upon a divorce obtained against a person of unsound mind; but the opinion in that case shows that a motion was filed in the court wherein the divorce had been obtained to have the judgment of divorce set aside on the ground that it was void. In support thereof there were filed affidavits setting forth the grounds upon which the attack was being made. As heretofore indicated, the record before us is silent in this respect. A void judgment, of course, may be attacked either directly or collaterally; but, in either event, the attack must show the grounds upon which it is based, and the real parties in interest must be brought before the court.

Under the circumstances, we think the judgment should be and it is affirmed.