## Morris et al. v. Morris' Adm'x et al.

May 21, 1946.

Kash C. Williams and G. C. Allen for appellants.

A. H. Patton and Moss Noble for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK— Affirming.

Maggie Morris and her children instituted this action against Polly Morris, administratrix of the estate of Ned Morris, deceased, and Polly Morris, individually, to have declared void a divorce judgment which Ned Morris obtained against Maggie in 1939 in Breathitt County. In the case of Morris v. Morris, 299 Ky. 235, 185 S. W. 2d 244, we refused to pass upon the question because of the defective manner in which the attack was made upon the divorce judgment of 1939. We upheld the chancellor's ruling in sustaining Polly Morris' special demurrer to the notice under which it was sought to bring her before the court for the purpose of having the case redocketed.

The attack upon the divorce judgment of 1939 which is now before us is based upon the assertion that the judgment was void because it was not alleged in Ned Morris' petition that he had been a resident of the state for more than a year prior to the institution of his action. The appellants contend that the court should not have taken jurisdiction of the action because of the omission just mentioned. On the other hand, the appellee contends that the court had jurisdiction of the subject matter and that, when Maggie Morris made her appearance in the action by filing numerous motions for rules and without raising objection to the court's jurisdiction of the person of Ned Morris, that question was waived, and, at most, the judgment would have been erroneous and not void.

Subsection 1 of Section 423 of the Civil Code of Practice provides:

"The plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce—

"1. A residence in this State for one year next before the commencement of the action."

The appellants cite the case of Hampton v. Lewallen, 262 Ky. 98, 89 S. W. 2d 865, in support of the general proposition that a fact necessary to be proven must be alleged and that proof without pleading will not sustain a cause of action. They urge also that the legal right to a divorce is purely statutory, and that there must be substantial compliance with the statutory provisions concerning the granting of a divorce. It may be conceded that ample authority can be cited in support

of these propositions, but does it necessarily follow that the 1939 judgment granting Ned Morris a divorce was void. Clearly, the Breathitt Circuit Court had jurisdiction of the subject matter, and it was not until several years after the judgment was rendered that question was raised as to the jurisdiction of the person of Ned Morris. It may be said in passing that the proof showed he had been a resident of Breathitt County for more than a year before the action was filed. While it is true the petition did not set forth that fact in express terms, we have examined it carefully and have reached the conclusion it was sufficient to warrant the judge of the Breathitt Circuit Court in determining the question of whether or not the allegation as to residence was in substantial compliance with the Code. Since he had jurisdiction of the subject matter, we think he was justified in ruling upon the sufficiency of the petition in other respects. That being the case, his determination that the petition was sufficient, when in fact it may not have been, would merely have made his judgment erroneous and not void. In substance, the petition charged that the parties were married in Breathitt County in 1910; that they had lived together as husband and wife until 1936 when, through no fault on Ned's part, Mrs. Morris refused to live with him; that Mrs. Morris was a resident of Breathitt County and had continued to live in the county and state for more than a year before the commencement of the action; that the cause of divorce occurred in Breathitt County within five years before the commencement of the action; and that Mrs. Morris had refused to live with him for more than a year before the commencement of the action.

As heretofore indicated, we believe the chancellor was warranted in making a determination as to the sufficiency of the petition. Furthermore, it must not be overlooked that Mrs. Morris was duly summoned and that no demurrer or responsive pleading was ever filed to the petition until after the divorce judgment was entered in 1939.

Judgment affirmed.