Russell D. **WIDDER**

v.

NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY, a corporation, Appellant.

No. 11849.

United States Court of Appeals Third Circuit.

Argued June 19, 1956.

Decided July 12, 1956.

Frank B. Quinn, Erie, Pa. (Quinn, Leemhuis, Plate & Dwyer, Erie, Pa., on the brief), for appellant.

James P. McArdle, Pittsburgh, Pa. (James E. McLaughlin, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and VAN DUSEN, District Judge.

PER CURIAM.

■ This is an appeal by the defendant from a judgment for the plaintiff in an action brought under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51. The plaintiff was employed by the defendant and was working in its yard at Brewster, Ohio, on the day he suffered an accident. His theory of the case was that the railroad was negligent in permitting the place where the plaintiff was engaged in switching to become unsafe through inadequate drainage and other precautions against accumulation of water in the switch yard. Bearing in mind that this question is one for the jury to settle except in instances where no reasonable jury could find for the plaintiff, we are clear that there was an adequate showing to take this case to the jury on the negligence point.

■ The defendant complains that the plaintiff's medical witnesses, who testified to the extent of his injury, were so inconsistent with each other that the jury was left with nothing more than a guess to go upon. We do not find any such inconsistency. The plaintiff's medical witnesses all agreed that the accident which the plaintiff suffered in the defendant's yard had caused his injuries. There was slight disagreement between two of them as to the extent of those injuries. But the specialist who had last seen the plaintiff was the one who gave his judgment that the plaintiff's injury was somewhat greater than one of the other physicians had suggested. There was no confusion. Bearing in mind that even learned judges and lawyers can differ in professional

opinion, we must not expect complete unanimity on all points from members of the medical profession.

█ All the points involved in the case were thoroughly discussed by the trial judge in the opinion following his denial of a motion for judgment n. o. v. and, in the alternative, for a new trial. D.C., 142 F.Supp. 830. We do not need to repeat what he said. There was one additional point based upon alleged error in refusing to admit the official report of weather at a point some twenty miles from the scene of the accident. This refusal was within the scope of discretion to be exercised by the trial judge in such a matter.

The judgment appealed from will be affirmed.