Vincent W. **FLYTHE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21256.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 16, 1968.

Decided Nov. 15, 1968.

---

Mr. John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. David A. Clarke, Jr., Sp. Asst. U. S. Atty., for appellee. Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Seymour Glanzer, Asst. U. S. Attys., were on the brief, for appellee. Mr. Scott R. Schoenfeld, Asst. U. S. Atty., also entered an appearance for appellee.

Before DANAHER, WRIGHT and LEVEN-THAL, Circuit Judges.

DANAHER, Circuit Judge:

Convicted of violations of the narcotics laws, the appellant's sole contention on appeal stems from a refusal by the trial judge to receive in evidence a weather bureau report.

Officers of the Narcotics Squad with a search warrant went to an apartment in northwest Washington on April 14, 1966. After they had knocked, one Clark opened the door whereupon the officers identified themselves and told Clark they had a warrant to search the apartment for narcotics. The appellant Flythe was seated on a couch with a tan raincoat draped over his shoulders. One hundred and sixty-seven capsules containing heroin were removed from a pocket of the raincoat. Both Clark and Flythe told the officers that the coat did not belong to either of them.

On cross examination the defense counsel asked one of the officers about the time it was raining on that particular day. The officer replied that he did not recall but that he had been wearing his own raincoat when he went to the premises. The accused testified that it had not been raining when he left home and that he had carried no coat, indeed he had never seen the one in which the narcotics were found.

■ In due course trial counsel informed the trial judge that he had secured a weather bureau report which showed that there had been rain about 1 A.M. and again at 4 A.M., with precipitation totaling two-hundredths of an inch from both showers. The report, apparently, was based on observations at the National Airport, whereupon the judge remarked "I think you ought to get someone here to explain what it means and also that the weather applies to Washington." Defense counsel replied that he would "do what I can to get someone to come down here." Nothing further was done to follow up the as-

surance thus given, and the weather report was not received in evidence. It would appear that the judge deemed the report confusing, a circumstance the possibility of which we noticed in Washington v. United States, 126 U.S.App. D.C. 389, 391 n. 2, 379 F.2d 166, 168 n. 2 (1967). In such situations, no doubt, it is entirely within the discretion of the trial judge to call for explanation. On the other hand, an authenticated weather report when critical to a controlling issue and "when admissible for any purpose" may be received pursuant to the provisions of FED.R.CIV.P. 44.[1] Questioned circumstances "may be shown to affect its weight" but not its admissibility. 28 U.S.C. § 1732(a) (1964). The courts have said as much in some civil actions where the state of weather conditions is in issue.[2]

Here the Government at trial had flatly contended that the weather report was inadmissible and has so persisted in argument here. We do not accept that contention for the trial judge might well have received the report subject to such challenges as might have been voiced to affect its weight. We do not have the report before us and find ourselves unable to assess its quality.

█ The real issue before the trial court was whether or not this appellant was in possession of the raincoat as the officers had testified. Surely it will not seriously be contended that people wear raincoats only when it is raining. Even if it had not been raining on the day in question, it by no means follows that appellant did not wear a raincoat, much less that he was not in possession of the coat which the officers said was draped over his shoulder. In the circumstances shown, if error there was, it can here be viewed only as harmless and certainly not of such caliber as to have affected substantial rights.

Our review of the record has satisfied us that the conviction here should be

Affirmed.

---

1. Made applicable pursuant to FED.R. CRIM.P. 27 which provides in pertinent part that an "official record or an entry therein * * * may be proved in the same manner as in a civil action."

It may be assumed that in many situations admissibility of a weather report like other matters may be established pursuant to the pretrial conference authorized by FED.R.CRIM.P. 17.1.

2. Aben v. District of Columbia, 95 U.S. App.D.C. 237, 221 F.2d 110 (1955); and see Beaty Shopping Center, Inc. v. Monarch Ins. Co. of Ohio, 135 F.2d 467, 470 (4 Cir. 1963); Minnehaha County, S. D. v. Kelley, 150 F.2d 356, 361 (8 Cir. 1945); but see Widder v. New York, C. & St. L. R. Co., 235 F.2d 752 (3 Cir. 1956); Pulvari v. Greyhound Corporation, 126 U. S.App.D.C. 146, 375 F.2d 322 (1967).