CLAIRE J. RICHARDS *vs.* MYRTLE R. MCKEOWN. February 4, 1980. 1. We need not decide whether on the record before us the trial judge can be said to have taken judicial notice of the accuracy and general acceptability as authority of the life expectancy tables issued by the United States Department of Health, Education and Welfare (Life Tables, Vital Statistics of the United States, 1976, volume II-Section 5) and certified by the Department.[1] We take judicial notice that standard mortality tables are regularly used by attorneys, accountants and actuaries and that these HEW tables on their face are reliable. *Morris* v. *Morris,* 302 Ky. 615, 617 (1946). *McKibben* v. *McKibben,* 567 S.W.2d 538, 539 (Tex. Civ. App. 1978) (both cases in which the appellate court took judicial notice of such HEW tables). See *Gowdy* v. *United States,* 271 F.Supp. 733, 748-749 (W.D. Mich. 1967)(applying Michigan law), reversed on other grounds, 412 F.2d 525 (6th Cir.), cert. denied, 396 U.S. 960 (1969); Treas. Reg. § 20.2031-10(e), T.D. 7077, 1970-2 C.B. 183 (IRS regulations using such HEW tables); 31A C.J.S. § 99 (1964); 29 Am.Jur.2d §§ 113, 896 (1967). See also *Turcotte* v. *DeWitt,* 332 Mass. 160, 164

---

[1] Mass. R. Civ. P. 44(a) (1), 365 Mass. 807 (1974). *Flythe* v. *United States,* 405 F.2d 1324, 1326 (D.C. Cir. 1968) (weather reports). *United States* v. *Ghaloub,* 385 F.2d 567, 571 (2d Cir. 1966) (Syrian census figures).

(1955); *Mazzaro* v. *Paull*, 372 Mass. 645, 653 (1977) ("A professional directory that was the authorized publication of medical boards, which verified or certified the information contained therein . . . would be admissible under G. L. c. 233, § 79B"). Compare *School Comm. of New Bedford* v. *Commissioner of Educ.*, 349 Mass. 410, 416 (1965); *Sorensen* v. *Sorensen*, 369 Mass. 350, 362 (1975); *Hardy* v. *Jaeckle*, 371 Mass. 573, 581 (1976). See generally *Nantucket* v. *Beinecke*, 379 Mass. 345, 352 (1979). A majority of the panel therefore holds that there was no error in the admission of the tables for consideration by the jury.

2. There is no merit to the other question which has been argued by the defendant.

*Judgment affirmed.*

*Robert L. Athas* for the defendant.
*Glenn M. Shriberg* for the plaintiff.