Forest SNYDER, Jr., Administrator of
the Estate of Barbara Rose Snyder,
Deceased, Appellant,

v.

Forest D. SNYDER, Appellee.

No. 87–CA–2464–MR.

Court of Appeals of Kentucky.

Feb. 17, 1989.

Discretionary Review Denied
by Supreme Court
May 31, 1989.

Douglas B. Taylor, Louisville, for appellant.

James M. Auser, James M. Gary, Louisville, for appellee.

Before GUDGEL, REYNOLDS and WILHOIT, JJ.

REYNOLDS, Judge.

This is an appeal from certain orders issued by the Jefferson Circuit Court which vacated a decree of legal separation entered between appellee and appellant's decedent.

This action began as a legal separation proceeding filed by Barbara R. Snyder (now deceased) against her husband, Forest D. Snyder, on May 13, 1986. A decree of legal separation was entered on June 26, 1986, in Jefferson Circuit Court. Less than a month later, on July 25, 1986, Barbara Snyder was killed in an automobile accident and on August 14, 1986, one of her children, Forest Snyder, Jr. (appellant), qualified as administrator of her estate.

On April 1, 1987, appellee filed a CR 60.02 motion to vacate the decree of legal separation on the ground that the court lacked the jurisdiction to enter the decree because the record failed to show that an outside witness testified as to residency pursuant to KRS 403.025 and KRS 403.140. The court thereafter entered an order granting appellee's motion to vacate the decree. Appellant moved the trial court to vacate this order pursuant to CR 59.05 as not being supported by the evidence or, in the alternative, to require it to make specific findings of fact relating to the affidavits of Barbara Snyder and attorney Katie Brophy, as well as the recollection of the trial judge himself concerning whether or not a witness was present and testified at the

hearing concerning residency. The trial court subsequently ruled that it was bound by the record as it existed at the time the separation decree was entered; that this could not be impeached by affidavits or the court's reconsideration of the hearing; that *Cable v. Cable,* Ky.App., 730 S.W.2d 947 (1987), controlled, and the separation decree was void because the court lacked jurisdiction.

The trial court denied appellant's motion to vacate the court's prior orders based upon appellee's failure to revive the action against decedent's administrator (appellant) within one year as required by KRS 395.-278. This appeal follows.

Appellant raises two errors: 1) the trial court erred in failing to grant appellant's CR 60.02 motion to vacate the orders of October 5 and October 19, 1987, based upon the appellee's failure to properly revive the action against appellant within one year pursuant to KRS 395.278; and 2) the trial court erred in vacating the decree of legal separation on the jurisdictional ground that the record itself failed to establish that an outside witness testified concerning residency pursuant to KRS 403.025 and 403.-140.

It is appellant's position that the court did not have jurisdiction of appellant as the real party in interest subsequent to the death of Barbara Snyder since the case was not revived within the one year period provided for in KRS 395.278. We agree.

■ We hold that KRS 395.278, relating to the reviver of an action, is a statute of limitation, rather than a statute relating to pleading, practice or procedure, and the time limit within this section is mandatory and not discretionary, thereby preventing a party or the court from extending such time via CR 6.02. *Mitchell v. Money,* Ky. App., 602 S.W.2d 687 (1980). Thus, an action which is not revived within the one-year statutory period of this provision must be dismissed. A personal representative does not automatically succeed to his decedent's rights and status as a litigant and thus is not a party to any suit against the decedent unless the action is revived.

*Daniel v. Fourth and Market, Inc.,* Ky., 445 S.W.2d 699 (1968).

■ CR 25.01(1) provides that if the proper substitution of parties is not made "within the period allowed by law ... the action may be dismissed as to the deceased party." This rule does not arrogate to the courts a discretionary authority but allows for instances in which the right to have the action dismissed has been lost as by waiver, estoppel or consent. *Daniel v. Fourth and Market, Inc., supra.*

■ When read together KRS 395.278 and CR 25.01 require that when a litigant dies, any action pending with respect to him must be revived against that decedent's administration and the administrator must be substituted as the real party in interest before the action can proceed. We further hold that when a judgment of a trial court is attacked as void, the real parties in interest must be brought before the court. *Morris v. Morris,* 299 Ky. 235, 185 S.W.2d 244 (1945).

■ Here, after the trial court had entered a decree of legal separation between Barbara and Forest Snyder, appellee filed a CR 60.02 motion to vacate the decree of legal separation. However, after the decree was entered but before appellee's motion to vacate it, Mrs. Snyder died and appellant was qualified as her administrator. Nevertheless, in spite of the knowledge of Mrs. Snyder's death, appellee did not formally revive this action with respect to appellant after filing his CR 60.02 motion. Appellee asserts that it was not his duty to revive the action after filing his motion to vacate the decree but rather that it was appellant's duty to revive the action within one year of his decedent's death under KRS 395.278. Appellee further contends that all he was required to do when filing his CR 60.02 motion was to give notice to any persons who may be affected by the court's ruling thereon. We disagree with both statements.

Under these facts it was appellee's duty to revive the action with respect to appellant, as Mrs. Snyder's administrator, if he sought to continue this action and to have

the legal separation decree declared void or vacated. We find no duty upon appellant to revive this action under the relief sought.

Appellant was a nonparty to this action and appellee's mailing of notice to him of his CR 60.02 motion was clearly insufficient to bring him before the court as a party.

We find it unnecessary to address appellant's remaining issue and the order of Jefferson Circuit Court vacating the legal separation of Barbara Rose Snyder and Forest D. Snyder is reversed and the parties' decree of legal separation is reinstated.

All concur.