**Michael OSBORNE, in his capacity as Executor of the Estate of Raymond Osborne, deceased, Appellant,**

v.

**KENACRE LAND CORPORATION, Appellee.**

No. 1999–CA–002829–MR.

Court of Appeals of Kentucky.

April 20, 2001.

Discretionary Review Denied
Feb. 13, 2002.

---

12. *See Dean v. Commonwealth*, Ky., 777 S.W.2d 900 (1989), *Ice v. Commonwealth*, Ky., 667 S.W.2d 671 (1984).

13. *Schuttemeyer, supra,* n. 7, at 127.

14. Emphasis supplied.

Joe F. Childers, Lexington, for Appellant.

Joseph L. Hamilton, John A. Bartlett, Stites & Harbison, Louisville, Calvin R. Tackett, Bolling & Tackett, Whitesburg, for Appellee.

Before DYCHE, HUDDLESTON and KNOPF, Judges.

## OPINION

HUDDLESTON, Judge:

Michael Osborne appeals from a Pike Circuit Court order which denied a motion by Michael to revive an action originally filed by Raymond Osborne as time barred by Kentucky Revised Statute (KRS) 395.278.

Raymond Osborne originally filed suit on January 25, 1988, against Kenacre Land Corporation for trespassing upon and removing minerals from Raymond's property. While the action was pending, Raymond died testate on September 13, 1997. Michael, Raymond's nephew, was named executor of Raymond's estate. Michael sought to revive Raymond's action, by motion, pursuant to KRS 395.278, on September 12, 1998.[1] The motion, however, was not filed with the court until September 16, 1998.

The circuit court granted Osborne's motion to revive the action on September 18, 1998. Upon motion by Kenacre to reconsider the ruling in favor of reviving the action based upon the running of the allowable time period under KRS 395.278, the circuit court set aside the original order reviving the action and granted Kenacre's motion to dismiss.

The sole issue on appeal is whether KRS 395.278 requires that an application to revive an action be filed, consistent with Kentucky Rule of Civil Procedure (CR) 3.01, within one year after the death of the deceased party, or be served, consistent with CR 5.02, within one year after the death of the deceased party. KRS 395.278 states that "[a]n application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of a deceased party." Osborne contends that the word "made" should be construed to mean that the action is com-

---

1. September 12, 1998, was the date Michael allegedly served, by mail, the application to revive Raymond's action on Kenacre. Kenacre alleges that Michael's application bore a Monday, September 14, 1998, postmark. This distinction is immaterial because Michael would have had until Monday, September 14, 1998, to mail the application, if mailing was sufficient, because September 12, 1998, fell on a Saturday. *See* Ky. R. Civ. Pro. (CR) 6.01.

plete upon mailing of the motion, whereas Kenacre urges that "made" should be construed to mean filed.[2]

Osborne's argument is premised on the mistaken assumption that an application to revive an action after the death of a deceased party is a pleading or other paper, therefore requiring that CR 5 apply. This Court has held, however, that KRS 395.278 is "a statute of limitation, rather than a statute relating to pleading, practice or procedure, and the time limit within this section is mandatory and not discretionary, thereby preventing a party or the court from extending such time via CR 6.02."[3] An action which is not revived within the one-year statutory period of KRS 395.278 must be dismissed.[4]

Having determined that KRS 395.278 is a statute of limitations, the next question is whether an action pursuant to KRS 395.278 must be filed or served within the one-year statutory period. Because KRS 395.278 does not fall within the ambit of a pleading, practice or procedure, CR 5 does not apply. Therefore, mailing of the motion within the one-year statutory period is inadequate to meet the time limit.

"A statute of limitations limits the time in which one may bring suit after the cause of action accrues...."[5] According to CR 3.01, "[a] civil action is commenced by the *filing* of a complaint with the court and the issuance of a summons or warning order thereon in good faith."[6] Construing these two rules together, it is apparent that Michael had one year from the date of Raymond's death in which to file his application to revive Raymond's action. Because

Raymond died on September 13, 1997, and Michael's application to revive Raymond's action was not filed until September 18, 1998, Michael failed to apply within the applicable time frame. Hence, Michael's application to revive Raymond's action is time barred.

The order of Pike Circuit Court is affirmed.

ALL CONCUR.

---

**2.** *See* Ky. R. Civ. P.(CR) 5.02, which provides that "[s]ervice by mail is complete upon mailing."

**3.** *Snyder v. Snyder,* Ky.App., 769 S.W.2d 70, 72 (1989), *citing Mitchell v. Money,* Ky.App., 602 S.W.2d 687 (1980).

**4.** *See Snyder, supra,* n. 3, at 72.

**5.** *Coslow v. General Elec. Co.,* Ky., 877 S.W.2d 611, 612 (1994).

