Terry KOENIG, Administrator of the Estate of Trudy Koenig, Deceased, Appellant

v.

PUBLIC PROTECTION CABINET, KENTUCKY; Horse Racing Commission, Robert Vance, Appointing Authority; Personnel Board; Churchill Downs, Inc., Appellees

NO. 2013–CA–001404–MR

Court of Appeals of Kentucky.

RENDERED: APRIL 17, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court December 10, 2015

Briefs For Appellant: Philip C. Kimball, Louisville, Kentucky

Brief for Appellee Churchill Downs, Inc.: John F. Parker, Jr., Patricia C. LeMeur, Louisville, Kentucky

Brief for Appellee Public Protection Cabinet: Cannon G. Armstrong, Frankfort, Kentucky

BEFORE: DIXON, JONES AND VANMETER, JUDGES.

*OPINION AND ORDER*

DIXON, JUDGE:

The Estate of Trudy Koenig, Terry Koenig as Administrator, appeals from an Order of the Franklin Circuit Court upholding the constitutionality of 810 KAR 1:025, § 22 and dismissing Koenig's Petition for a Declaration of Rights. For the reasons set forth herein, we dismiss the appeal.

Trudy Koenig was employed by the Kentucky Horse Racing Commission ("KHRC") as a Program Coordinator in the Division of Licensing. Her duties included processing license applications from Kentucky thoroughbred racetracks. On

April 21, 2011, while working at Churchill Downs, Koenig was placed on "special investigative leave" after it was determined that she presented a safety threat to herself and others. The following day, Churchill Downs, through its Security Director, issued a Stop Order and Ejection Notice as authorized under 810 KAR 1:025, § 22 [1] permanently banning Koenig from its premises. The Stop Order provided that Koenig was "ejected from Churchill Downs for terroristic threatening." Subsequently, on July 19, 2011, Koenig received a letter from Susan Smith, as the appointing authority for KHRC, firing Koenig for violation of the Workplace Violence Policy and because, as a result of Churchill Downs' Stop Order and Ejection Notice, Koenig was unable to gain entry into any thoroughbred racetrack in Kentucky, as other racetracks recognize and grant reciprocity to such orders.[2] As a result, Koenig was unable to perform the duties of her job which required her to have access to and be present on racetrack premises for licensing purposes.

Koenig then appealed her discharge to the Kentucky Personnel Board. Following an evidentiary hearing, the hearing officer issued findings of fact, conclusions of law and a recommended order upholding Koenig's dismissal. The recommended order was adopted by the Personnel Board as a final order on June 20, 2011. Koenig thereafter sought review of her dismissal in the Franklin Circuit Court pursuant to KRS 18A.100 and KRS 13B.140. In addition, she filed a petition pursuant to KRS 418.040 seeking a declaration that 810 KAR 1:025, § 22 was unconstitutional. Specifically, Koenig maintained that the

regulation violated Amendments 5 and 14 of the United States Constitution and Sections 2 and 3 of the Kentucky Constitution because it permitted Churchill Downs to permanently ban a person licensed by the state to participate in horse racing without due process of law. The parties agreed that the issues presented in Koenig's Petition for a Declaration of Rights should be resolved prior to the trial court's review of the petition for judicial review of the Personnel Board's Order sustaining her dismissal.

On June 25, 2013, the trial court entered an opinion and order declaring 810 KAR 1:025, § 22 to be constitutional and dismissing Koenig's petition. The trial court concluded that Churchill Downs' permanent ban of Koenig from its racetrack did not constitute state action and further that 810 KAR 1:025, § 22 merely codified Churchill Downs' common law right to exclude individuals from its premises:

Koenig has established that she has a constitutionally protectable interest in her KHRC license. However, her Petition for a Declaration of rights is fatally flawed in that Koenig is unable to establish she suffered a deprivation through state action. Churchill Downs is a private racetrack and not a state actor.... Instead, in excluding Koenig Churchill Downs relied on its longstanding common law right, which is reaffirmed in a promulgated KHRC regulation, to exclude Koenig from its premises. Koenig has not presented any evidence to suggest that the KHRC endorsed, induced or compelled Churchill Downs' Security Director's decision to eject Koenig. 810

1. 810 KAR 1:025 § 22, entitled "Common Law Rights of Associations," states that "[t]he validity of a license does not preclude or infringe on the common law rights of associations to eject or exclude persons, licensed or unlicensed, from association grounds."

2. As the trial court later pointed out, other racetracks in Kentucky have honored Churchill Downs' Orders, even though Churchill Downs cannot compel obedience or require reciprocity to its orders.

KAR 1:025, Section 22, therefore, is constitutional.

The trial court subsequently denied Koenig's CR 59.05 motion to set aside its order.

The record reveals that on July 10, 2013, Koenig died. On August 14, 2013, however, a notice of appeal was filed naming the Estate of Trudy Koenig, deceased (Administrator not yet appointed) as Appellant. Subsequently, by order entered on February 17, 2014, this Court granted a motion to substitute Terry Koenig, the administrator of the Estate of Trudy Koenig, as Appellant.

After the matter was briefed by all parties, this Court entered an order directing Appellant to show cause why the appeal should not be dismissed for failure to comply with KRS 395.278 and for lack of a justiciable controversy due to Koenig's death. Having now received and reviewed Appellant's response, we conclude that the matter must be dismissed.

■ When a party to litigation pending in a Kentucky court dies, the action is abated, unless and until the action is revived by substituting the decedent's representative. In other words, the personal representative does not automatically inherit the lawsuit; he or she must "raise it from limbo and become a party to it." *Hardin County v. Wilkerson*, 255 S.W.3d 923, 927 (Ky.2008). The revival laws permit a lawsuit to remain "only as a placeholder for the revived suit in the name of the personal representative of the estate." *Id.*

KRS 395.278, which governs revival, provides that "[a]n application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of a deceased party." Further as set forth in CR 25.01(1),

[i]f a party dies during the pendency of an action and the claim is not thereby extinguished, the court, within the period allowed by law, may order substitution of the proper parties. If substitution is not so made the action may be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party, and, together with the notice of hearing, shall be served on the parties as provided in Rule 5, and upon persons not parties as provided in Rule 4 for the service of summons. Upon becoming aware of a party's death, the attorney(s) of record for that party, as soon as practicable, shall file a notice of such death on the record and serve a copy of such notice in the same manner provided herein for service of the motion for substitution.

■ In his response to our show cause order, Appellant contends that this Court's February 17, 2014, order substituting him, in his capacity as the Administrator of Trudy's Estate, complied with CR 25.01 and was sufficient to revive the action. We must disagree.

In *Frank v. Estate of Enderle*, 253 S.W.3d 570, 575 (Ky.App.2008), a panel of this Court reiterated the mandatory notice of filing both a CR 25.01 and a KRS 395.278 motion:

CR 25.01 must be read in tandem with KRS 395.278 which directs the "application to revive an action ... shall be made within one (1) year after the death of a deceased party." Because KRS 395.278 is "a statute of limitation, rather than a statute relating to pleading, practice or procedure, and the time limit within this section is mandatory and not discretionary," neither a court nor a party may extend the one year statute of

limitations. *Snyder v. Snyder,* 769 S.W.2d 70, 72 (Ky.App.1989). Thus, if within one year of a litigant's death an action is not revived against the administrator of a decedent's estate and the administrator substituted as the real party in interest, then the suit must be dismissed. *Id.*

The record is devoid of any pleadings filed in the trial court under either CR 25.01 or KRS 395.278. Similarly, the notice of substitution filed in this Court references neither provision. Accordingly, we cannot conclude that Appellant satisfied the requirements reviving the instant action within the one-year statute of limitations set forth in KRS 395.278.

■ Even if we were to conclude that Appellant's motion in this Court somehow satisfied the revival requirement, dismissal would nevertheless be warranted as there remains no justiciable controversy following Koenig's death. KRS 418.040 provides that "[i]n any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked." As noted by our Supreme Court in *Barrett v. Reynolds,* 817 S.W.2d 439, 441 (Ky.1991), "An actual controversy for purposes of the declaratory judgment statute, requires a controversy over present rights, duties, and liabilities; it does not involve a question which is merely hypothetical or an answer which is no more than an advisory opinion." (*Citing Dravo v. Liberty Nat'l Bank & Trust Co.,* 267 S.W.2d 95 (Ky.1954)). *See also Jarvis v. National City,* 410 S.W.3d 148 (Ky.2013); *Foley v. Commonwealth,* 306 S.W.3d 28, 31 (Ky.2010).

Appellant argues that if 801 KAR 1:025, § 22 is unconstitutional, Koenig's petition for review of the Personnel Board's decision has a much better chance for success. In other words, the success of this appeal could result in the success of the petition for review of the Personnel Board's decision. The flaw, however, in this argument, is that Koenig was the sole Appellant in the administrative action before the Kentucky Personnel Board and the appeal of the administrative action to the Franklin Circuit Court. It would appear to this Court that any decision herein on the constitutionality of 801 KAR 1:025, § 22 would now be "merely hypothetical or an answer which is no more than an advisory opinion" as Koenig is now deceased. *Barrett,* 817 S.W.2d at 441.

For the reasons set forth herein, we conclude that the instant appeal should be dismissed.

ALL CONCUR.