**S.F. LOCOCO, DVM, Appellant**

v.

**KENTUCKY HORSE RACING COMMISSION, Appellee**

**NO. 2013–CA–002019–MR**

Court of Appeals of Kentucky.

RENDERED: FEBRUARY 5, 2016; 10:00 A.M.

ples.") (quoting *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999)).

BRIEF FOR APPELLANT: Stephen P. Ryan Louisville, Kentucky

BRIEF FOR APPELLEE: Katherine M. Paisley Lexington, Kentucky

BEFORE: ACREE, CHIEF JUDGE; J. JAMBERT AND TAYLOR, JUDGES.

## OPINION AND ORDER

LAMBERT, J., JUDGE:

S.F. Lococo, DVM, appeals from an opinion and order of the Fayette Circuit Court affirming a determination by the Kentucky Horse Racing Commission (the KHRC) that it was not required to release information about its licensees under Kentucky's Open Records Act (Kentucky Revised Statutes (KRS) 61.870 to 61.884, hereinafter "ORA"). Because we hold that the cause of action did not survive Lococo's death, we must dismiss the above-styled appeal.

KRS 230.300 governs the licensing of those who wish to conduct actual horse racing or engage in simulcast and inter-track wagering, and KRS 230.310(1) requires every person who is not required to be licensed under KRS 230.300 and who wants to work on a racetrack in Kentucky to obtain a license from the KHRC. This includes horse owners, trainers, jockeys, and racing officials, to name a few.

Lococo was an equine veterinarian who frequently treated horses at Kentucky racetracks without knowing the identity of their owners. This practice left him uncompensated for his services. On August 9, 2011, his office manager sent a letter to the KHRC, requesting the current addresses of some unspecified licensees. The letter stated, "I understand that privacy issues for individuals are a concern, but these individuals are actually businesses operating under your purview, not private individuals. And in my opinion, are not exempt from the Open Records Act." In its response, the KHRC refused to supply the information, stating that although the letter did not constitute an open records request, information such as a person's name, address, and telephone number constituted information of a "personal nature" that was exempt from disclosure under the ORA.

Lococo's office manager sent another letter to the KHRC on October 18, 2012, asking it to treat her previous inquiry as a formal open records request. The letter specifically sought the addresses of forty-one named individuals described as owners and/or trainers, and also requested the names and addresses of the owners of seven named horses.

The KHRC treated this letter as a request for reconsideration.[1] It informed Lococo that it did not possess the information regarding the owners of the horses, and thus was unable to respond to that part of the request. As to the forty-one named trainers and owners, the KHRC stated that disclosure of their addresses would constitute a clearly unwarranted invasion of privacy under KRS 61.878(1)(a) and the information was therefore exempt under the ORA.

Lococo filed an ORA appeal pursuant to KRS 61.882 in the Fayette Circuit Court. In his complaint, he added a petition for declaratory judgment, asking the court to decide whether the public should have ac-

---

1. The KHRC did not respond within the three days required by the ORA, but Lococo has not formally challenged the timeliness of the response. *See* KRS 61.880(1).

cess to the names and addresses of all the KHRC's licensees. Then, in a memorandum in support of his complaint, he raised additional arguments, requesting a declaratory judgment as to "whether the license issued by ... [the KHRC] ... is an occupational license and therefore the information contained in the licensees' application is subject to public disclosure, with certain redactions[,]" and "whether licensees of the KHRC are entitled to certain information concerning fellow licensees, in order to ensure compliance with the regulations of racing by their fellow horsemen."

The circuit court entered an opinion and order affirming the decision of the KHRC. It held that the ORA's personal privacy exemption was applicable because Lococo was seeking the information about the licensees in order to collect a private debt, not to serve the public good. The court further found that the licenses at issue were not occupational licenses, and that although the disclosure of licensees' information might help licensees conduct business with and police one another, the disclosure of this information was simply not required under the law. This appeal by Lococo followed.

Following the briefing in this appeal, Lococo passed away on February 16, 2015, and his wife, Judith E. Lococo, was appointed as the executrix of his estate in March 2015 pursuant to the terms of his will. In May 2015, a motion was filed to substitute Lococo's estate as the appellant in this case. By order entered September 1, 2015, this Court passed the motion to substitute and ordered Lococo to show cause why the appeal should not be dismissed 1) for failure to properly revive the cause of action or 2) as moot due to lack of a justiciable controversy pursuant to KRS 418.040.

In response, Lococo, through his counsel, confirmed that he had passed away in February 2015 and that his wife had been appointed as his executrix the following month. The response went on to state that the information was required for the estate to collect the money from those who remained indebted to Lococo and that therefore a justiciable controversy still existed. In addition, "considering the issue continues to be problematic for others in the industry, it remains a controversy to be put to rest." In its response, the KHRC argued that Lococo had not complied with Kentucky Rules of Civil Procedure (CR) 25.01 and KRS 395.278 to properly revive the action and substitute the executrix of the estate as the real party in interest. The KHRC also argued that the petition for declaration of rights was moot and should be dismissed.[2]

In *Frank v. Estate of Enderle*, 253 S.W.3d 570, 575 (Ky.App.2008), as modified (Apr. 18, 2008), this Court addressed the proper procedure to follow when a party dies while an action is pending:

> When a party to litigation pending in a Kentucky court dies, the action is abated, unless and until the action is revived by substituting the decedent's representative. As specified in CR 25.01(1),
>
> > [i]f a party dies during the pendency of an action and the claim is not thereby extinguished, the court, within the period allowed by law, may order substitution of the proper parties. If substitution is not so made the action may be dismissed as to the deceased party. The motion for substitution may be made by the successors or

2. In addition, the KHRC contends that Lococo's response to the show cause order was untimely filed. While there is merit to this argument, we shall nevertheless consider the response.

representatives of the deceased party or by any party, and, together with the notice of hearing, shall be served on the parties as provided in Rule 5, and upon persons not parties as provided in Rule 4 for the service of summons. Upon becoming aware of a party's death, the attorney(s) of record for that party, as soon as practicable, shall file a notice of such death on the record and serve a copy of such notice in the same manner provided herein for service of the motion for substitution.

CR 25.01 must be read in tandem with KRS 395.278 which directs the "application to revive an action ... shall be made within one (1) year after the death of a deceased party." Because KRS 395.278 is "a statute of limitation, rather than a statute relating to pleading, practice or procedure, and the time limit within this section is mandatory and not discretionary," neither a court nor a party may extend the one year statute of limitations. *Snyder v. Snyder*, 769 S.W.2d 70, 72 (Ky.App.1989). Thus, if within one year of a litigant's death an action is not revived against the administrator of a decedent's estate and the administrator substituted as the real party in interest, then the suit must be dismissed. *Id.*

■ "Whether an action has been timely revived is a matter of law[,]" which we review *de novo. Id.*, citing *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1998).

In the present case, the estate moved to be substituted as the appellant, presumably pursuant to CR 25.01, but it has not moved to revive the action pursuant to KRS 395.278. However, and while we note that there is no Civil Rule that provides the mechanism for issuing a summons in the appellate courts as CR 4.01 provides at the district and circuit court levels, we recognize that the time has not yet expired for the estate to comply with the applicable statutory provisions.

■ Turning to the second question, whether a justiciable controversy remains, we hold that Lococo has failed to establish that a controversy remains in light of his death. KRS 418.040 provides that "[i]n any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked." In *Barrett v. Reynolds*, 817 S.W.2d 439, 441 (Ky.1991), citing *Dravo v. Liberty Nat'l Bank & Trust Co.*, 267 S.W.2d 95 (Ky.1954), the Supreme Court explained what an actual controversy is in relation to this statute: "An actual controversy for purposes of the declaratory judgment statute requires a controversy over present rights, duties and liabilities; it does not involve a question which is merely hypothetical or an answer which is no more than an advisory opinion."

■ In his response to the show cause order, Lococo merely stated that the information sought in the open records request was still needed if the estate sought to collect the unpaid fees and that the issue is problematic for others in the horse racing industry. We agree with the KHRC that this is not sufficient to establish that a controversy still exists with respect to the open records request at issue before this Court as Lococo would be seeking an advisory opinion. And as the KHRC argues, Lococo has confused what may be a legitimate interest in receiving payment from the horse owners with his right to obtain the licensees' information. The estate would have still have the opportunity to properly seek the information necessary to

852

obtain the payments and then litigate the issue of whether any funds are owed by the horse owners. Therefore, we must hold that Lococo's appeal is moot because any justiciable controversy that might have existed did not survive his death.

Accordingly, we DENY the passed motion to substitute and ORDER the above-styled appeal to be DISMISSED AS MOOT based upon the lack of a justiciable controversy.

ALL CONCUR.