**J. H. LYONS, Individually, etc., et al., Petitioners,**

v.

**Hon. Holland G. BRYAN, Judge of McCracken Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Mahlon R. Shelbourne, Francis T. Goheen, Joseph S. Freeland, Paducah, for petitioners.

J. J. Grace, Paducah, for respondent.

CULLEN, Commissioner.

This is an original action in this Court in which J. H. Lyons, James R. Downes, John L. McCarthy and John J. Dempsey seek an order of this Court prohibiting the respondent, Holland G. Bryan, Judge of the McCracken Circuit Court, from en-

forcing an order of that court entered on April 26, 1954, adjudging the petitioners (and others) to be in contempt of court and assigning the case for a jury trial for the purpose of fixing their punishment. A temporary order was issued by a Judge of this Court on July 9, 1954, staying the proceedings pending this action.

In many respects this is a companion case to that of Armstrong v. Bryan, Ky., 273 S.W.2d 835, in which an opinion has this day been issued, denying an order of prohibition. However, there is a vital distinguishing fact, which presently will be stated.

The contempt of which the petitioners in this action, and those in the Armstrong case, were adjudged guilty, consisted of violation of a restraining order issued by the McCracken Circuit Court. Certain members of Local 595 of the International Association of Bridge, Structural and Ornamental Iron Workers had brought action in the McCracken Circuit Court, against Lyons, Downes, McCarthy, Dempsey, Armstrong, Hobbs and Drake, individually and as officers and representatives of the international association, seeking to enjoin them permanently from interfering in the affairs of the local union. The restraining order was issued at the time the complaint was filed, and summons was issued at the same time. All of the defendants were nonresidents of Kentucky, and therefore it was impossible to obtain personal service of the summons upon them. However, all of the defendants received actual notice of the restraining order, and of its contents.

After a time, the defendants Armstrong, Hobbs and Drake, individually and as officers and representatives of the international association, entered their appearance in the action in the circuit court, but Lyons, Downes, McCarthy and Dempsey did not enter their appearance and have never been personally served.

On April 9, 1954, a rule was issued against all of the defendants, requiring them to show cause why they should not be punished for contempt of court for violating the restraining order. This rule was served on the defendants by mail and by leaving copies at their residences or offices. Following a hearing, the court adjudged all of the defendants in contempt, and assigned the case for a jury trial for the purpose of fixing their punishment.

As we view it, the question before us is whether the circuit court has power to punish for contempt a person upon whom personal service has not been obtained and who has not voluntarily subjected himself to the jurisdiction of the court.

We think it may be assumed that Lyons, Downes, McCarthy and Dempsey were *bound* by the restraining order, because it was directed against them and they had actual knowledge of its provisions. Wallace v. Sowards, 313 Ky. 360, 231 S.W. 2d 10; C.R. 65.02. However, it does not follow from this fact alone that the court could impose *personal* punishment upon them. We think it is essential that the court have acquired personal jurisdiction of the offender, before punishment for contempt may be imposed.

In the Restatement of the Law of Judgments, Section 26, p. 118, Comment "a", it is said:

"A court has no jurisdiction to render a personal judgment against members of a class who are not personally subject to the jurisdiction of the court. * * *"

It is true that Armstrong, Hobbs and Drake entered their appearance, individually and as officers and representatives of the international association, and this probably brought the association itself before the court. Jackson v. International Union of Operating Engineers, 307 Ky. 485, 211 S.W.2d 138. But it did not bring Lyons, Downes, McCarthy and Dempsey personally before the court. See Local Union No. 500, etc., v. Wise, Ky., 269 S.W. 2d 721.

Since Armstrong, Hobbs and Drake had entered their appearance in the main action, they were personally before the

court, and could be punished for contempt under a rule served on them by mail. C.R. 5.02. But Lyons, Downes, McCarthy and Dempsey have never been brought before the court, and we think it is clear that they cannot be punished for contempt until such time as the court acquires personal jurisdiction of them, which could be only by personal service within this state or by voluntary entry of their appearance.

In attempting to punish Lyons, Downes, McCarthy and Dempsey the court is acting without jurisdiction. Therefore, the remedy of prohibition may be invoked. Chamblee v. Rose, Ky., 249 S.W.2d 775.

The order issued by a Judge of this Court on July 9, 1954, is made permanent, and the respondent is prohibited from proceeding further to punish the petitioners for contempt until such time as personal jurisdiction of the petitioners is acquired.