William GOLDSTEIN, Executor of the Estate of Robert James Layer, Deceased, Appellant,

v.

Honorable Timothy J. FEELEY, Judge Oldham Circuit Court Family Court Division, Appellees.

and

Ruby JoAnn Young–Layer, Real Party in Interest.

No. 2008–SC–000597–MR.

Supreme Court of Kentucky.

Aug. 27, 2009.

Rehearing Denied Jan. 21, 2010.

John K. Carter, La Grange, KY, Counsel for Appellant.

Timothy Edward Feeley, Oldham Circuit Court, Family Division, La Grange, KY, Counsel for Appellee.

Allen K. Gailor, Gailor Law Office, PLLC, Louisville, KY, Counsel for Real Party in Interest Ruby JoAnn Young–Layer.

Opinion of the Court by Justice VENTERS.

Appellant, William Goldstein, executor of the estate of Robert James Layer, appeals to this Court from an Order of the Court of Appeals denying his "Petition for a Writ of Mandamus and Prohibition" and his "Motion For Intermediate Relief." For the reasons set forth below, we affirm the Order of the Court of Appeals.

### Factual Background

This matter began in the Oldham Circuit Court in 2003 with the filing of a petition to dissolve the eight-year marriage of Appellee, Ruby JoAnn Young–Layer and Robert James Layer.[1] A limited Decree of Dissolution was entered on June 20, 2003, dissolving the marriage and expressly reserving for future determination all remaining issues, which consisted primarily of the division of marital property. More than three years later, on September 16, 2006, Robert died. At the time of his death, none of the marital property issues had been resolved.

On September 22, 2006, JoAnn moved to substitute Robert's estate, instead of the personal representative of his estate, as a party to the dissolution action. Appellee, Judge Timothy Feeley, entered an order on October 6, 2006, granting the substitution and setting the matter for a status conference to be held February 9, 2007.

---

1. Because no children were born of the marriage, this case does not involve issues related to child custody or support.

Appellant was appointed executor of Robert's estate on October 17, 2006, and did not qualify by filing his bond until October 26, 2006.

At the status conference, the trial court issued another order to substitute Robert's estate as the real party in interest in the dissolution action. The order noted that the attorney who originally represented Robert also represented Robert's estate. The order also noted that the attorney was present at this hearing and the hearing where the original substitution order had been entered.[2]

The record does not indicate if any relevant events occurred between the February 9, 2007 hearing and March 2008. On March 7, 2008, on JoAnn's motion, the trial court entered a restraining order to prevent Appellant from transferring any interest in the estate's assets, except by order of the trial court or by agreement with JoAnn. On March 13, 2008, Appellant filed motions to set aside the restraining order and to dismiss the pending dissolution action on the grounds that the circuit court lacked personal jurisdiction over him as the executor. In those motions, Appellant argued that the procedures set forth in KRS 395.278 and CR 25.01 to revive the action against him were not properly followed.

On March 20, 2008, the trial court entered an order holding that the substitution of Robert's estate was "sufficient" to allow it to acquire jurisdiction over Appellant and let the case "continue to conclusion."[3] JoAnn then moved pursuant to CR 65.04 for a temporary injunction in place of the restraining order. A hearing on that motion was set for March 28, 2008, but was later passed by agreement of the parties to April 18, 2008. The hearing never transpired because, on April 5, 2008, Appellant filed this action in the Court of Appeals for a writ of mandamus and prohibition. The Court of Appeals denied the petition on the grounds that Appellant had an available remedy through an interlocutory appeal of the injunction via CR 65.07

## Analysis

Writs of prohibition are "extraordinary in nature, and the courts of this Commonwealth 'have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Kentucky Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 12 (Ky.2007) (*quoting Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)). In *Hoskins v. Maricle*, 150 S.W.3d 1 (Ky.2004), we reexamined the development of the law relating to the issuance of extraordinary writs and their Constitutional underpinnings. In *Weaver v. Toney*, 107 Ky. 419, 54 S.W. 732 (1899), we noted that since 1899 the issuance of such writs was authorized in two circumstances: 1) where a court is acting "out of its jurisdiction" and 2) where the lower court "has jurisdiction" but is proceeding erroneously and there is no adequate remedy by appeal. That dichotomy has remained essen-

---

**2.** Although the trial court record made available to us is sparse, it appears the service of all the motions and orders were to counsel only. Apparently, the estate, through its executor, was never personally served, although Robert's counsel became the estate's counsel and did appear at all the hearings. His appearances following probate of Robert's will were by "special appearance" only.

**3.** The trial court did not address Appellant's March 13, 2008 motion to set aside the restraining order, but ruled only on the jurisdiction argument previously set out in his March 7, 2008, response to Appellant's motion for a restraining order. No claim is made that the restraining order expired by virtue of the hearing on March 14, 2008 and CR 65.03(5). We are provided with no record of a hearing on March 14.

tially unchanged,[4] and was restated in *Hoskins* as follows:

> A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Id.* at 10.

■ Appellant contends that the trial court lacked personal jurisdiction over him as executor of Robert's estate because he was not properly served with process and because the dissolution action was not properly revived against him. He argues that the Court of Appeals misapplied the *Hoskins* analysis when it concluded that the availability of an appeal under CR 65.07 justified its denial of his petition. He cites *Hoskins* for the rule that when a lower court is acting outside its jurisdiction, the availability of an appellate remedy is immaterial. Appellant's reading of *Hoskins* is correct. One seeking a writ when the lower court is acting "outside of its jurisdiction" need not establish the lack of an adequate alternative remedy or the suffering of great injustice and irreparable injury. Those preconditions apply only when a lower court acts "erroneously but within its jurisdiction." We disagree, however, with Appellant's underlying premise that the trial court was "acting outside its

jurisdiction" because it lacked personal jurisdiction over him.

■ A lower court lacking personal jurisdiction over a party is not acting or about to act "outside of its jurisdiction," as that phrase has been used in the context of writ cases. It is acting "erroneously although within its jurisdiction." *See Manning v. Baxter*, 281 Ky. 659, 136 S.W.2d 1074 (1940). In denying a writ to a petitioner (Manning) who claimed that the Madison Circuit Court lacked jurisdiction over him, the Court stated the following rule, which in substance is identical to the *Hoskins* rule:

> The power conferred on this court by section 110 of the Constitution to exercise supervisory control over inferior courts by original writ has uniformly been restricted to cases in which the inferior court (1) lacks jurisdiction or is proceeding beyond its jurisdiction and (2) is proceeding erroneously within its jurisdiction and great and irreparable injury will result to the complaining party for which there is no adequate remedy by appeal or otherwise.

*Id.* at 1075. Then, the Court in *Manning* added: "*The word 'jurisdiction', as used in that rule, means jurisdiction of the subject matter.*" *Id.* (Emphasis added). In *Watson v. Humphrey*, 293 Ky. 839, 170 S.W.2d 865, 866–867 (1943), the Court again recited the rule that a writ may be issued against an inferior court which "lacks jurisdiction or is proceeding beyond its jurisdiction," and held:

> *Jurisdiction in this connection means jurisdiction of the subject matter.* The

---

**4.** *Hoskins* describes two variations. First, *Duffin v. Field*, 208 Ky. 543, 271 S.W. 596 (Ky.1925) seemed to suggest that the Court had no discretion to deny the "no jurisdiction" type of writ. *Hoskins*, 150 S.W.3d at 9, cites *Chamblee v. Rose*, 249 S.W.2d 775 (Ky. 1952) as authority holding the issuance of

such writs is always discretionary. Second, *Shumaker v. Paxton* 613 S.W.2d 130, 131 (Ky. 1981) held that the lack of an adequate remedy by appeal was essential for the issuance of a "no jurisdiction writ." *Hoskins*, 150 S.W.3d at 10, repudiated that aspect of *Shumaker*.

respondent unquestionably had jurisdiction to decide whether a judgment should be vacated or set aside and to determine its ultimate effect and its conclusiveness as to other parties. He may have acted erroneously but he was not acting beyond his jurisdiction.

(Emphasis added). (Internal citations omitted).

In *Ohio River Contract Co. v. Gordon,* 170 Ky. 412, 186 S.W. 178, 181 (1916), and *Central Of Georgia Ry. Co. v. Gordon,* 180 Ky. 739, 203 S.W. 725 (1918), our predecessor court held that, because the question of personal jurisdiction was reviewable on appeal, writs of prohibition were unavailable to litigants claiming lack of personal jurisdiction. It stated in *Central Of Georgia Ry. Co.:*

> [t]he court over which the respondent presides clearly has jurisdiction of the subject-matter of the Metcalfe suit. As to whether it has jurisdiction in that suit of the person of the petitioner is a question to be determined by that court upon the facts presented to it. It has jurisdiction to determine that question, and if it should commit error in doing so, this court would have jurisdiction to review it upon appeal.

*Id.* at 727.

The phrase "outside of its jurisdiction" in the context of the *Hoskins* test therefore must refer to the court's subject matter jurisdiction, and not to personal jurisdiction over a particular party.[5] Thus, Appellant's effort to obtain a writ because of the claim that the trial court lacked personal jurisdiction over him did not place him in the "no jurisdiction" class of writs. Appellant could therefore only receive a writ by showing that the trial

court was "erroneously acting, but within its jurisdiction."

Our review of prior published decisions discloses two cases in which our predecessor court issued writs of prohibition based upon the lack of personal jurisdiction, with no apparent regard for the adequacy of an alternate remedy or to the gravity and reparability of the harm: *Jasper v. Tartar,* 224 Ky. 834, 7 S.W.2d 236 (1928), and *Lyons v. Bryan,* 273 S.W.2d 838 (Ky.1954). In *Jasper,* a circuit judge entered an exparte order to modify a final divorce decree. The Court of Appeals issued a writ to prohibit enforcement of the order on the grounds that "no judgment is valid unless the defendant therein is brought before the court and given an opportunity to be heard." *Id.* at 237. In *Lyons,* four men who had not been personally served petitioned the Court of Appeals for a writ to prohibit a circuit court from enforcing a contempt order against them. The Court issued the writ, holding that punishment for contempt could not be imposed until the circuit court acquired personal jurisdiction of them, and stating, "In attempting to punish (the four), the (circuit) court is acting without jurisdiction. Therefore, the remedy of prohibition may be invoked." *Id.* at 840. While we continue to endorse the principles of due process implicit in both *Jasper* and *Lyons,* we regard those decisions as anomalies in the law of extraordinary writs to the extent that in each case, the Court issued a writ based on the lack of personal jurisdiction, without expressly considering the adequacy of an alternate remedy or the irreparability of the threatened harm.

The Court of Appeals properly viewed this case under the class of writs, and determined that Appellant had an ade-

---

**5.** All of the instances of courts acting without jurisdiction cited in *Hoskins* are clear examples of the lack of subject matter jurisdiction.

quate remedy by appeal. Appellant filed his petition for a writ less than two weeks before the temporary injunction hearing scheduled for April 18, 2008. That hearing was itself an available remedy, a forum in which he could prove to the trial court his claim that proceeding further was error. An adverse ruling from that hearing would have been subject to appellate review under CR 65.07(1). *See Wyatt, Tarrant & Combs v. Williams*, 892 S.W.2d 584, 586 (Ky.1995). Thus, the Court of Appeals correctly denied Appellant's writ.

■ Although Appellant more vigorously argues that the trial court lacked personal jurisdiction over him due to failure of service and an improper revival of the pending dissolution case, he also states in his brief that the "trial court lacked *in rem* jurisdiction over the assets of the estate." To the extent that his reference to *in rem* jurisdiction over the property of the estate raises the issue of subject matter jurisdiction, we will address the matter in the context of the issue before us—the appeal of a denial of the Petition for a Writ of Mandamus and Prohibition.

Appellant relies on *Snyder v. Snyder* 769 S.W.2d 70 (Ky.App.1989). That case is, in this regard, unhelpful. *Snyder* involved an action to set aside a legal separation decree under CR 60.02 after the death of one of the parties. There, the Court of Appeals addressed the interaction of KRS 395.278 and CR 25.01 and concluded that the failure to revive the action against the administrator of Snyder's estate left the trial court without personal jurisdiction over the administrator. *Snyder*, 769 S.W.2d at 72. The case did not address the matter of *in rem* or subject matter jurisdiction over the assets of the marital estate or the decedent's estate.

We have no clear statutory authority or common law precedent that directly addresses the trial court's retention of subject matter jurisdiction over the marital property when one party dies after entry of a decree dissolving the marriage but reserving the settlement of the marital estate for further proceedings. In *Rhodes v. Pederson* 229 S.W.3d 62 (Ky.App.2007), the Court of Appeals addressed the situation in which a party in a pending divorce case died *before* entry of a divorce decree. *Rhodes* held that, under the doctrine of abatement, the circuit court loses jurisdiction to proceed with a divorce if the death of one of the spouses occurs while the parties are still married. *Id.* at 66. The Court noted, however, that a different rule applies when the death occurs *after* the dissolution of the marriage, but *before* the resolution of the marital property issues:

> The law is clear that only after a decree in divorce is granted, or perhaps a written separation agreement has been entered into by the parties, can the court continue (after the death of a party) to litigate the attending issues, including the equitable distribution of property. Only after a decree in divorce is granted, and thereafter one of the parties dies, can the court continue with the equitable distribution of marital property. (Citing 27A *Corpus Juris Secundum*, Divorce § 196, Abatement on death of party.) If, on the other hand, the court had entered a decree, or if the judicial function had terminated without the formal entry of a decree, the death of a spouse would not affect the matter. The doctrine of abatement is only inapplicable where the dissolution of marriage has been ordered prior to the death of the party, even though the order may be partial, interlocutory or not a final judgment resolving all issues in the case.

*Id.* at 65–66. (Footnotes omitted).

There is no doubt that under KRS Chapter 403, the trial court initially had

subject matter jurisdiction over Robert and JoAnn's divorce case and *in rem* jurisdiction over their property. Robert's death, after the dissolution of their marriage, did not divest the circuit court of jurisdiction over the marital property, nor did it eliminate the necessity of equitably dividing the marital property. The district court clearly lacks that authority. We conclude, therefore, that regardless of the question of *in personam* jurisdiction over the executor of Robert's estate, the trial court retained *in rem* jurisdiction to determine the nature and extent of the marital property and the authority to equitably divide it, and apportion to JoAnn her share.

In the final analysis, regardless of whether Appellant's writ petition was examined as a "no jurisdiction" writ or an "erroneous but within its jurisdiction" writ, the Court of Appeals had discretion to deny the writ. In *Cox v. Braden,* 266 S.W.3d 792 (Ky.2008) we reaffirmed the longstanding principle relating to the issuance of extraordinary writs:

> [w]hether to issue a writ is "always discretionary, even when the trial court was acting outside its jurisdiction." *Hoskins,* 150 S.W.3d at 9; *Bender,* 343 S.W.2d at 800 ("The exercise of this authority has no limits except our judicial discretion, and each case must stand on its own merits."); *Ohio River Contract Co.,* 186 S.W. at 181 ("The writ of prohibition [or mandamus] is not a writ which can be demanded as a matter of right and of course, but its granting or refusal is a matter which lies within the discretion of this court."). In other words, a writ is never mandatory, even upon satisfaction of one of the tests laid out in *Hoskins.*

*Id.* at 797.

When the petition for the writ was filed, the trial court was about to hold a hearing on whether its restraining order would expire or continue in the form of a temporary injunction. CR 65.01–CR 65.09 provides a well defined path for the orderly resolution of such matters without the need to resort to the remedy of an extraordinary writ. While we do not hold that a case proceeding along that path should never be diverted by an application to an intermediate court for a writ, we do hold that the intermediate court may consider the remedies inherent within CR 65.01 *et seq.* as factors to be weighed in exercising its discretion to grant or deny the writ. We see no abuse of discretion in the Court of Appeals' denial of the writ.

The Order of the Court of Appeals denying the relief sought by Appellant is affirmed. This matter is remanded to the Oldham Circuit Court for further proceedings.

All sitting. All concur.