# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2015-SC-000201-MR

KEVIN HENDERSON          APPELLANT

ON APPEAL FROM COURT OF APPEALS

V.          2014-CA-001717-OA

JEFFERSON CIRCUIT COURT NO. 97-CR-002403

HON. CHARLES L. CUNNINGHAM, JUDGE          APPELLEE

JEFFERSON CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY          REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

Kevin Henderson appeals as a matter of right from an order of the Court of Appeals denying his petition for a writ of mandamus.[1] Kentucky Rule of Civil Procedure (CR) 76.36(7)(a); Ky. Const. § 115. Henderson seeks the writ to order the respondent judge to conduct a probable cause hearing to determine if Cedric O'Neal committed perjury based on his testimony in their joint murder trial. As such use of a writ of mandamus is improper, we affirm the Court of Appeals' denial of Henderson's petition.

---

[1] Henderson's pleading is styled as being a request for a writ of prohibition and writ of mandamus. However, given the facts presented we evaluate his petition as being more accurately styled as a request for a writ of mandamus. Henderson is not entitled to either form of writ.

## FACTS AND PROCEDURAL HISTORY

In 1997, Henderson and O'Neal were charged with the murder and robbery of Quinton Hammond. Both were convicted and Henderson was sentenced to concurrent terms of life imprisonment on the murder conviction and twenty years' imprisonment on the robbery conviction. This Court affirmed Henderson's convictions in an unpublished memorandum opinion rendered on December 20, 2001.[2] Afterwards, Henderson sought post-conviction relief pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 and CR 60.02. Subsequently, both motions were denied.

Following the denial of his post-conviction motions, Henderson filed a "Motion to Compel Compliance of Rules of Criminal Procedure." In that motion, Henderson requested that the respondent judge order the Jefferson County Commonwealth Attorney's Office and the Jefferson County Attorney's Office to prosecute O'Neal for perjury. Alternately, Henderson requested that the respondent judge conduct a probable cause hearing into O'Neal's alleged perjury. The respondent judge denied the motion.

In November 2014, Henderson filed a petition for a writ of mandamus with the Court of Appeals. The Court of Appeals denied the petition after determining that Henderson had failed to meet the requisite criteria for the issuance of a writ. Henderson appealed that order to this Court as a matter of right.

---

[2] *Henderson v. Commonwealth,* 1998-SC-000624-MR (Ky. 2001).

## ANALYSIS

Henderson argues that the Court of Appeals erred in denying his petition for a writ of mandamus. A writ of mandamus is an "extraordinary remedy which compels the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law." *Cty. of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky. 2002).

A writ of mandamus may only be granted under two circumstances. First, where it is shown that "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court." *Mahoney v. McDonald-Burkman*, 320 S.W.3d 75, 77 (Ky. 2010) (citing *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009). The second, and more common, circumstance justifying the writ is where it is shown "that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise, and great injustice and irreparable injury will result if the petition is not granted." *Id.* (citation omitted). We review the decisions of the Court of Appeals in such cases under the abuse of discretion standard. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004), *as modified* (Dec. 1, 2004).

In the case at bar, Henderson argues that the respondent judge is acting erroneously, but within his jurisdiction. As such, Henderson must demonstrate that the respondent judge is acting or is about to act erroneously, that there no adequate remedy by appeal or otherwise, and that great injustice

3

and irreparable injury will occur if the petition is denied. Henderson has failed to meet these criteria for the issuance of a writ.

First, the respondent judge has not acted erroneously. Henderson's request for the respondent judge to conduct a probable cause hearing was properly denied. As noted by the respondent judge, the circuit court does not have the legal authority to direct the Jefferson County Commonwealth's Attorney or County Attorney to prosecute criminal offenses. The power to charge persons with crimes and to prosecute those charges belongs exclusively to the executive department. Ky. Const. § 81 (Governor to see that laws are faithfully executed).

Second, Henderson's writ request is premised on his motion for the respondent judge to hold a probable cause hearing, a motion that was denied on September 26, 2014. Henderson could have appealed that adverse ruling but did not. His failure to pursue a readily available appellate remedy is also fatal to his request for the issuance of a writ.

Finally, Henderson is unable to demonstrate irreparable injury. As previously noted, the judiciary does not have the authority to direct the executive department as to what cases should be prosecuted. It is clear from the record that the Jefferson County Commonwealth's Attorney and County Attorney do not intend to pursue perjury charges against O'Neal. To reiterate, the courts do not possess the authority to direct either the Jefferson County Commonwealth's Attorney or County Attorney to take action that is solely within their respective constitutional spheres. As such, Henderson is unable to

4

demonstrate that great injustice and irreparable injury will result from the denial of the petition.

As Henderson has failed to meet the criteria for the issuance of a writ of mandamus, the order of the Court of Appeals denying a writ is hereby affirmed.

All sitting. All concur.


APPELLANT:

Kevin Antwan Henderson, #133117
Kentucky State Reformatory


APPELLEE:

Hon. Charles Louis Cunningham, Jr.
Judge, Jefferson Circuit Court


COMMONWEALTH OF KENTUCKY,
REAL PARTY IN INTEREST:

Andy Beshear, Attorney General of Kentucky