# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 15, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000110-MR

KERRY A. NIELSEN EHR          APPELLANT


ON REVIEW FROM COURT OF APPEALS
V.          CASE NO. 2015-CA-001729-MR
JEFFERSON CIRCUIT COURT NO. 15-CI-502298


HONORABLE DEE MCDONALD, JUDGE,          APPELLEE
JEFFERSON CIRCUIT COURT, FAMILY
DIVISION EIGHT

AND

ANDREW D. EHR          REAL PARTY IN INTEREST


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING


Appellant, Kerry A. Neilsen Ehr, sought a writ of prohibition in the Court of Appeals to restrain the Jefferson Circuit Court from proceeding in a marriage dissolution action. The Court of Appeals denied the writ. For reasons stated below, we affirm.

Appellant and Andrew Ehr were married in 1987 in Wisconsin. The two resided together in Wisconsin until 2009. Andrew, having taken a job there, moved to Louisville, Kentucky. For three years, he traveled to his Wisconsin residence on weekends. After that, trips to Wisconsin became less frequent. Appellant remained a Wisconsin resident.

Approximately six years after moving to Louisville, Andrew filed for divorce in Kentucky. Appellant moved to dismiss the petition, alleging the trial court lacked personal jurisdiction over her and inconvenient forum. The trial court issued a final and appealable order ruling that it had both personal and subject matter jurisdiction, and that Kentucky was the more convenient forum since Appellant was not employed and enjoyed freedom to travel.

Appellant petitioned the Court of Appeals for a writ of prohibition to enjoin the trial court's adjudication of spousal maintenance and property division, claims beyond the dissolution of the marriage. The Court of Appeals denied the petition. This appeal followed pursuant to CR 76.36(7).

A writ of prohibition is an extraordinary remedy, cautiously granted. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). The circumstances under which it may be issued are when 1) "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court . . . ;" 2) "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted;" (a second class writ); and 3) despite the petitioner not standing to suffer irreparable injury, "the administration of justice generally will suffer the great and irreparable injury" (a special case writ). *PremierTox 2.0 v. Miniard*, 407 S.W.3d 542, 546 (Ky. 2013) (quoting *3M Co. v. Engle*, 328 S.W.3d 184, 187 (Ky. 2010)).

2

The Court of Appeals' findings of fact relating to the conditions precedent for issuance of a writ are reviewed for clear error, *Grange Mutual Insurance Company v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004); we determine from the record if its finding are supported by substantial evidence, *Miller v. Eldridge*, 146 S.W.3d 909, 917 (Ky. 2004). If the circumstances are met for issuance of the writ, the decision to deny the petition is reviewed for an abuse of discretion. *Id.*

The Court of Appeals denied the writ because Appellant failed to establish that she would suffer irreparable injury and that she had no adequate remedy by appeal or otherwise. The Court of Appeals noted that the trial court had subject matter jurisdiction, the type of jurisdiction referred to in a writ proceeding, *Goldstein v. Feeley*, 299 S.W.3d 549 (Ky. 2009); that having to expend time and money on litigation is not irreparable injury; and that the trial court's relevant orders were issued as final and appealable. Appellant asserts the Court of Appeals erred as a matter of law by concluding that the trial court had subject matter jurisdiction, it being dependent upon the trial court having personal jurisdiction which the trial court did not have (she concedes the trial court has personal jurisdiction for the purpose of dissolving the marriage), and by not analyzing whether her case met the conditions for a special case writ.

Appellant's argument that the trial court lacked subject matter jurisdiction because it did not have personal jurisdiction was addressed in *Goldstein*. In *Goldstein*, we stated, "A lower court lacking personal jurisdiction over a party is not acting or about to act 'outside of its [subject matter]

3

jurisdiction,' as that phrase has been used in the context of writ cases. It is acting 'erroneously although within its [subject matter] jurisdiction.'" 299 S.W.3d at 552 (citation omitted). "Thus, [Goldstein's] effort to obtain a writ because of the claim that the trial court lacked personal jurisdiction over him did not place him in the 'no jurisdiction' class of writs. [He] could therefore only receive a writ by showing that the trial court was 'erroneously acting, but within its jurisdiction.'" *Id.* at 553. The Court of Appeals did not err as a matter of law when it determined that the trial court had subject matter jurisdiction over Appellant's divorce case, and then analyzed the issue as a request for a second class writ, determining whether Appellant had an adequate remedy by appeal or would suffer great injustice and irreparable injury if the petition were not granted. Appellant contends that she has shown "irreparable injury" in the context of a family law case and should qualify for relief under the special case writ analysis.

Appellant argues that she satisfies the criteria for a special case writ, an argument not addressed by the Court of Appeals. She posits that a dissolution of marriage action under KRS 403 *et seq.*, is a special statutory proceeding, expressly subject to the mandate of KRS 403.110(3) that we must "promote [Chapter 403's] underlying purposes, which are to: . . . (3) mitigate the potential harm to the spouses . . . caused by the process of [divorce]." In recognition of that policy, domestic relations cases are often prioritized or expedited. Appellant argues that this special statutory policy should compel us to recognize the harm of a divorce case (the suffering associated with a traditional litigation time frame including, for example, loss of control over

4

assets or income, and struggles associated with being financially disadvantaged) as rising to the level of irreparable injury.

While we do not discount the suffering ordinarily associated with the dissolution of a marriage, we do not agree that such suffering rises to the status of irreparable injury required for the issuance of a second class writ; nor do we conclude that without the issuance of the writ as a special case writ, the administration of justice generally will suffer the great and irreparable injury.

The essential circumstances necessary for issuance of the writ are not present. The trial court has subject matter jurisdiction, an appellate remedy is available, and great injustice and irreparable injury will not be suffered by either Appellant or the administration of justice. Consequently, we affirm the Court of Appeals' denial of Appellant's writ petition.

All sitting. All concur.


COUNSEL FOR APPELLANT:

William David Tingley
William D. Tingley, PLLC

COUNSEL FOR APPELLEE, HONORABLE DEE MCDONALD:

Deana H. McDonald

COUNSEL FOR APPELLEE, ANDREW D. EHR, REAL PARTY IN INTEREST:

Jonathan S. Ricketts
Christopher Bush
Ricketts Law Offices, PLLC