# Supreme Court of Kentucky

2020-SC-0091-MR

LOUISVILLE/JEFFERSON COUNTY METRO                           APPELLANTS
GOVERNMENT AND PARKING AUTHORITY
OF RIVER CITY, INC.


                        ON APPEAL FROM COURT OF APPEALS
V.                             NO. 2019-CA-1681
                            JEFFERSON CIRCUIT COURT
                    NOS. 07-CI-004289 & 08-CI-001063


HONORABLE OLU A. STEVENS, JUDGE,                              APPELLEE
JEFFERSON CIRCUIT COURT,
DIVISION SIX (6)

AND

TODD BOLUS AND L. STANLEY
CHAUVIN, III                                    REAL PARTIES IN INTEREST


## OPINION AND ORDER


Arguing immunity from suit, Louisville Metro Government (LMG) and

Parking Authority of River City, Inc. (PARC) (collectively Metro), filed a matter of

right appeal from the Kentucky Court of Appeals' denial of a petition for a writ

of mandamus directing Jefferson Circuit Court Judge Olu A. Stevens to rule on

a summary judgment motion filed on May 22, 2017. During the pendency of

this expedited appeal, Judge Stevens issued an order on April 13, 2021,

granting summary judgment to LMG and dismissing with prejudice all claims

against it based on sovereign immunity. However, PARC's claim of

governmental immunity was rejected based on multiple issues of material fact culminating in denial of its request for summary judgment.  PARC may now seek an immediate interlocutory appeal under *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009).

Metro's sole purpose in petitioning for a writ, which the appellate panel denied when reviewing the matter as an original appeal under Kentucky Rules of Civil Procedure (CR) 76.36, was securing a *ruling* on a nearly four-year-old summary judgment motion.  Metro's purpose was fulfilled when Judge Stevens ruled—granting partial summary judgment, dismissing LMG and clearing the way for PARC to pursue an interlocutory appeal.  Thus, we have no option but to dismiss the appeal as moot as urged by the real parties in interest and subsequently by Metro.

Assertion of immunity is a threshold issue which must be determined before a case may proceed.  An entity cloaked in immunity is protected against the costs of trial, including broad discovery, which may disrupt and distract government.  *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004) (citation omitted).  Immunity exists not to insulate the government, but "for the benefit of the public."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Metro began its quest for a ruling on claims of immunity in December

2017 when it filed its first of three AOC-280's[1] alerting the trial court a summary judgment motion had been fully briefed and was ready for final adjudication. Granting summary judgment to LMG has ended its participation in this class action litigation about enforcement of parking tickets initially filed in federal court in 2007.[2] In contrast, having been denied summary judgment, PARC may now file an immediate interlocutory appeal under *Prater*. Without a ruling from the Jefferson Circuit Court, however, the case was in limbo leaving Metro nothing to appeal to a higher court but having to defend the case despite claims of immunity.

In January 2020, the Court of Appeals denied the writ petition believing Metro had an *adequate remedy by appeal*—a condition precedent to issuance of a writ. *Cox v. Braden*, 266 S.W.3d 792, 797 (Ky. 2008). From the appellate panel's perspective, Judge Stevens was to hear the motion on March 12, 2020, and a trial was to begin on June 23, 2020, providing ample time in between for an interlocutory appeal to run its course if Judge Stevens denied a claim of immunity. Because Metro did not challenge the trial court's jurisdiction to act,

---

[1] AOC-280 is a statewide form. In Jefferson County it serves as a means of docket control to prevent cases from being overlooked. The process is reflected in Supreme Court Rule (SCR) 1.050(8) and Kentucky Revised Statutes 454.350. When a case is ready for submission, Jefferson Rules of Practice 401 requires a written summary judgment motion be filed—using Form AOC-280—coupled with a memorandum of authority. Said motion shall not be noticed for motion hour but oral argument may be requested.

[2] *Oberhausen v. Louisville-Jefferson County Metro Government*, 527 F.Supp.2d 713 (W.D. Ky. 2007). All federal constitutional claims were dismissed, and all remaining claims were remanded to state court. Oberhausen did not challenge the federal court's resolution, prompting Metro to argue adequacy of windshield notice is now the law of the case and bars further litigation. *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998).

issuance of a writ required Metro to demonstrate both an inadequate appellate remedy and that it would suffer great and irreparable harm if forced to proceed. *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961). The panel found Metro had an adequate remedy by appeal or otherwise and denied the petition. Metro filed a matter of right appeal in this Court.

On the surface, it may have appeared Metro had an adequate remedy by appeal. *Goldstein v. Feeley*, 299 S.W.3d 549, 554 (Ky. 2009), the basis of the panel's six-page order denying the petition, says a hearing is "itself an available remedy." But, as Metro argued, Judge Stevens' setting of a hearing date was merely "illusory"—*many* hearing dates were set in this case and delayed. There is no indication the Court of Appeals considered the basis of Metro's summary judgment motion—the threshold issue of immunity—unnecessarily delaying Metro's ability to pursue an immediate interlocutory appeal under *Prater* by another year. Moreover, Metro's request was for a *ruling*, not a hearing.

We wrote in *Rowan County v. Sloas*, 201 S.W.3d 469, 474 (Ky. 2006), "[s]ummary judgments play an especially important role when dealing with immunities," and immunity entitles its possessor to be free "from the burdens of defending the action, not merely . . . from liability." (citations omitted). *More than cursory review* of a writ petition is required to ensure resolution of an immunity claim is not unreasonably delayed. Judge Stevens' delayed ruling, at least as to LMG, has required Metro to defend against a class action lawsuit— demanding $3.9 million in damages—for nearly four extra years. Quantifying when a matter becomes stale is fact-dependent, but, based on the information

4

before us, this nearly four-year delay caused the public treasury to bear an unreasonable expenditure of time and money.

Nevertheless, the real parties in interest have moved to dismiss this appeal as moot. On August 14, 2020, that motion was passed for consideration with the merits. On May 4, 2021, Metro moved to dismiss this appeal as moot. Having now issued his ruling, Judge Stevens has dismissed all claims against LMG and cleared the path for PARC to pursue an immediate interlocutory appeal. Metro's request for a ruling on its summary judgment motion having been issued, the need for a writ of mandamus no longer exists.

Therefore, the motions to DISMISS this appeal as MOOT are hereby GRANTED.

All sitting. All concur.

ENTERED: June 17, 2021.

_____
CHIEF JUSTICE

5